**UNITED STATES, to Use of NEW YORK PLUMBERS' SPECIALTIES CO., Inc., v. SILVERBURGH CONST. CO., Inc., et al.**

**UNITED STATES, to Use of JOHN DOUGLAS CO., v. SAME.**

District Court, E. D. New York.

March 2, 1935.

Holmes, Rogers & Carpenter, of New York City (Stephen Callaghan and Charles P. Rogers, both of New York City, of counsel), for John Douglas Co.

Abraham J. Halprin, of New York City, for plaintiff New York Plumbers' Specialties Co., Inc.

George S. Levine, of New York City, for Silverburgh Const. Co., Inc.

Robert M. McCormick, of New York City, for defendant Continental Casualty Co.

GALSTON, District Judge.

This is an unusual motion made by the plaintiff in an action pending in the United States District Court for the Southern District of New York, entitled United States of America, to the Use of the John Douglas Company, plaintiff, against the Silverburgh Construction Company, Incorporated, and Continental Casualty Company, defendants. The action in the Southern District and the action herein are both brought for relief under the Heard Act, U. S. C. title 40, § 270 (40 USCA § 270).

A contract had been entered into between the United States and the Silverburgh Construction Company, Inc., on or

about November 12, 1932, for the construction by the Silverburgh Company of officers' quarters at Fort Wadsworth, Staten Island. This contract was completed and final settlement had on December 8, 1933. Within the statutory period the John Douglas Company filed its complaint against the Silverburgh Construction Company, Inc., in the United States District Court for the Southern District of New York. Answers interposed by the defendants in that court allege as a separate defense that suits brought by virtue of the provisions of the Heard Act must be instituted in that District Court of the United States in the district in which the government contract was to be performed and executed, and not elsewhere.

Also within the statutory period the New York Plumbers' Specialties Company, Inc. brought its action in this court against the same defendants.

It is in these circumstances that the Douglas Company makes this motion to consolidate the suit in the Southern District with the suit pending in this court, and for an order directing that the clerk of the United States District Court of the Southern District of New York transmit to the clerk of this court the entire file of papers in the Southern District.

Just how this court is to acquire jurisdiction of the clerk of the United States District Court for the Southern District of New York does not appear from the papers, and how the two causes are to be consolidated is not clear. Reliance is had upon section 734 of title 28, U. S. C. (28 USCA § 734) which provides: "When causes of a like nature or relative to the same question are pending before a court of the United States, or of any Territory, the court may make such orders and rules concerning proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so." R. S. § 921.

That section cannot possibly be used as a ground for ordering consolidation in this court with a cause pending in some other court that was improperly brought therein and over which the latter court has no jurisdiction.

The provisions of the Heard Act are mandatory, and leave no discretion in the court to entertain jurisdiction, unless the work performed was "in the district in which said contract was to be performed and executed." Title 40, § 270, U. S. C. (40 USCA § 270).

The motion is accordingly denied.