## INDEPENDENT PIER CO. et al. v. NORTON et al.

### No. 2293.

District Court, E. D. Pennsylvania.

Dec. 15, 1942.

Frederick L. Fuges, of Philadelphia, Pa., for plaintiffs.

Gerald A. Gleeson, U. S. Atty., and J. Barton Rettew, Jr., Asst. U. S. Atty., both of Philadelphia, Pa., for defendant Norton.

Howard H. Yocum, of Philadelphia, Pa., for other defendants.

BARD, District Judge.

This action was instituted by an employer and its insurance carrier under Section 21(b) of the Longshoremen's and Harbor Workers' Compensation Act, Act of March 4, 1927, c. 509, 44 Stat. 1424, 33 U. S.C.A. § 921(b), to review a compensation order made by the Deputy Commissioner.

The complaint alleges that on June 25, 1937, one Pastor was in the employ of the plaintiff, Independent Pier Company, aboard a vessel on the Delaware River, at Trenton, New Jersey, and that in the course of his employment he sustained injuries resulting in his immediate death. He was survived by his father who, as administrator and in his own right, instituted an action for damages in the District Court of

the United States for the Eastern District of Pennsylvania against the owner of the vessel, after first filing with the Deputy Commissioner a declaration of his intention to sue a third party in accordance with Section 33(a) of the Act, 33 U.S.C.A. § 933(a). A compromise settlement of this action was approved in writing by the plaintiff, Independent Pier Company.

Thereafter the decedent's father filed, under the provisions of Section 33(f) and (g) of the Act, 33 U.S.C.A. § 933(f) and (g), a claim with the Deputy Commissioner against the present plaintiffs for compensation in excess of the sum received in settlement. After hearing, the Deputy Commissioner found that there was no person entitled to compensation under the Act, and directed the plaintiffs to make payment of $1,000 into the United States Treasury in accordance with the provisions of Section 44(c) (1) of the Act, 33 U.S.C.A. § 944(c) (1). The prayer of the complaint is that the court review and set aside this order of the Deputy Commissioner and restrain its enforcement.

 The Deputy Commissioner has filed a motion to dismiss the complaint on the ground that this court has no jurisdiction, under the Act, to entertain it. Section 21 (b) of the Act, 33 U.S.C.A. § 921(b), under the authority of which this action was expressly instituted, provides that a compensation order may be set aside by an action instituted "in the Federal district court for the judicial district in which the injury occurred." Subsection (d) of this section of the Act, 33 U.S.C.A. § 921(d) provides that proceedings to set aside an award of the Deputy Commissioner "shall not be instituted otherwise than as provided in this section", except as provided in another section of the Act not presently relevant. Under the express terms of the Act therefore plaintiffs' action may be brought only in the District Court of the United States in the judicial district of New Jersey embracing the place where the injury occurred.

Plaintiffs contend, however, that since the claim for excess compensation is merely supplemental and ancillary to the civil action against a third party which in this instance was brought in this district, this court has jurisdiction over the subject matter of the present suit. Whether or not the claim may be deemed "ancillary" to the action against the third party, Section 933(f) provides that it be pre-

sented to the Commission for determination, and it further specifies the exclusive jurisdiction in which actions for review of any order of the Deputy Commissioner must be instituted.

The fact that the claimant-defendants have assented to this jurisdiction is immaterial since the Deputy Commissioner has not done so and since in any event the requirement of Section 21(b) of the Act is not merely one of venue but is jurisdictional. Bassett v. Massman Construction Co., 8 Cir., 120 F.2d 230, certiorari denied 314 U.S. 648, 62 S.Ct. 92, 86 L.Ed. 520. The further argument of the plaintiffs with respect to matters of policy and convenience to employers and their dependents has no merit in view of the explicit language of the Act.

Motion to dismiss the complaint is granted.