## LOCKHEED OVERSEAS CORPORATION et al. v. PILLSBURY, Deputy Com'r of Employees' Compensation Commission, et al.

### No. 3167 O'C Civil.

District Court, S. D. California, Central Division.

Dec. 12, 1944.

J. L. Kearney, of Los Angeles, Cal., for complainants.

Charles H. Carr, U. S. Atty., and James L. Crawford, Ronald Walker, and Clyde C. Downing, Asst. U. S. Attys., all of Los Angeles, Cal., for defendants.

J. F. T. O'CONNOR, District Judge.

The complainants seek an injunction against the defendants, Warren H. Pillsbury, Deputy Commissioner of the United States Employees' Compensation Commission for the Thirteenth District, and Elmer L. Kimble. The complainants allege that the defendant, Kimble, while employed by the Lockheed Overseas Corporation, sustained an injury in the nature of bronchitis by reason of harsh weather conditions, the unavailability of suitable clothing, the overcrowded sleeping quarters furnished to him, and exposure to infections during the month of July, 1942; that the Lockheed Overseas Corporation was insured by the Great American Indemnity Company; that Warren H. Pillsbury as Deputy Commissioner, on the 25th day of August, 1943, found in favor of the defendant Kimble, and made his order requiring further medical care be provided by the complainants for his subacute bronchitis contracted at the Base. The complainants challenge the order, contending that the injury was not an accidental injury or an occupational disease or infection such as arises naturally out of defendant Kimble's employment, and did not unavoidably result from accidental injury as provided in section 902 (33 U.S.C. A.) of the Longshoremen's and Harbor Workers' Compensation Act, as amended. The defendants challenge the jurisdiction of this court and contend that the action should be instituted in the United States District Court of the Judicial District wherein is located the office of the Deputy Commissioner whose compensation order is involved.

The place of trial of this action is fixed by section 1653, 42 U.S.C.A. (b), as follows:

"Judicial proceedings provided under sections 918 and 921 of Title 33 in respect to a compensation order made pursuant to

sections 1651–1654 of this title shall be instituted in the United States district court of the judicial district wherein is located the office of the deputy commissioner whose compensation order is involved if his office is located in a judicial district, and if not so located, such judicial proceedings shall be instituted in the judicial district nearest ·the base at which the injury or death occurs. Aug. 16, 1941, c. 357, § 3, 55 Stat. 623."

This section is also known as Public Law No. 208, 77th Congress, Chapter 357, First Session, S. 1642.

This action is brought under the terms of that certain Act of Congress known as "Longshoremen's and Harbor Workers' Compensation Act" (Public Act No. 803, 69th Congress, 33 U.S.C.A. § 901 et seq., extended by the Act of Congress of August 16, 1941, 42 U.S.C.A. § 1651 et seq.) extending the Longshoremen's and Harbor Workers' Compensation Act to employment on certain air, military and naval bases of the United States.

The defendant, Elmer L. Kimble, filed an application for the determination of his claim with the defendant, Warren H. Pillsbury, as Deputy Commissioner, against the complainants for the purpose of recovering benefits under the Longshoremen's and Harbor Workers' Compensation Act, as amended. The Deputy Commissioner thereafter made his findings and order. The order was issued and signed by the Deputy Commissioner for the Thirteenth Compenation District at San Francisco, California, on the 25th day of August, 1943.

"Such claim shall be filed with the deputy commissioner in the compensation district in which such injury or such death occurred." 33 U.S.C.A. § 913.

Section 940, 33 U.S.C.A., provides for the appointment of Deputy Commissioners by the United States Employees' Compensation Commission. Subsection (d) provides as follows:

"(d) Each deputy commissioner shall maintain and keep open during reasonable business hours an office, at a place designated by the commission, for the transaction of business under this chapter, at which office he shall keep his official records and papers. Such office shall be furnished and equipped by the commission, who shall also furnish the deputy commissioner with all necessary clerical and other assistants, records, books, blanks, and supplies.

Wherever practicable such office shall be located in a building owned or leased by the United States; otherwise the commission shall rent suitable quarters."

It will be noted that the section refers to " * * * an office at a place designated by the commission * * *" and it will be further noted that in 33 U.S.C.A. § 939(b), reference is made to " * * * in the district court within whose territorial jurisdiction is located the office of the deputy commissioner * * *."

An affidavit was filed, sworn to by Jewell W. Swofford, chairman, United States Employees' Compensation Commission. The affidavit is as follows:

"Jewell W. Swofford, being duly sworn, deposes and says:

"That she is the Chairman of the United States Employees' Compensation Commission which administers the Longshoremen's and Harbor Workers' Compensation Act (Public Law No. 803), the basic Act made applicable to certain employments in the Defense Base areas; that pursuant to section 39 of said Act (33 U.S.C.A. § 939), the Commission established the thirteenth compensation district with headquarters or office at San Francisco, California; that Deputy Commissioner Warren H. Pillsbury, in charge of said compensation district, has his office at San Francisco, California, and has no official headquarters elsewhere."

Warren H. Pillsbury, Deputy Commissioner, made his affidavit stating:

"That the headquarters of said district and his office as Deputy Commissioner in charge thereof were at all such times and at the time of the institution of this suit at 417 Market Street, San Francisco, California. That affiant maintained no office for the transaction of business under the Longshoremen and Harbor Workers' Compensation Act and related statute in the County of Los Angeles. That affiant in the course of his work holds hearings and meets visitors by appointment at all places within his District at which controversies arise and may be conveniently taken up. That his District covers the states of California, Nevada, Utah, Colorado, Arizona, and New Mexico. That all of the records and files used in the administration of said acts are kept at said headquarters at San Francisco and that all of the clerical staff for the Thirteenth District was at all of said times located at said office at San Francisco."

The complainants contend that the Deputy Commissioner has for years regularly and customarily devoted from two to three days twice a month to matters in this District, and on said days has conferences and discussions with injured persons and others on many matters. The complainants attach a notice posted by the Deputy Commissioner, which is as follows:

"Warren H. Pillsbury, Deputy Commissioner United States Employees' Compensation Commission, will hold office hours at the hearing room, Board of Harbor Commissioners, Fourth Floor, City Hall, San Pedro, California, on Tuesday, September 14, 1943, between the hours of 9:00 A. M. and 10:00 A. M. for miscellaneous interviews with persons having injuries coming under the United States Longshoremen's and Harbor Workers' Compensation Act. He will thereafter hold office hours at the same place on the *first and third Tuesdays* of each month until further notice."

Considering these facts, the question is: Is this action properly brought in the United States District Court for the Southern District of California, or should it have been instituted in the Northern District of California wherein is located the headquarters and office of the Deputy Commissioner? The sole question for determination is the question of jurisdiction.

Courts created by statute have no jurisdiction except that which the statute confers. Case of Sewing Machine Co., 85 U.S. 553, 21 L.Ed. 914.

Where statute provides that suit be brought in court in district where contract was to be performed and executed, a court of another district does not have jurisdiction. United States to Use of New York Plumbers Specialties Co. v. Silverburgh Const. Co., D. C., 10 F.Supp. 121; 40 U.S.C.A. § 270.

Construing the statute which provides that the proceedings be in the district wherein the injury or death occurred, the court, in Bassett, Deputy Commissioner, et al. v. Massman Const. Co., 8 Cir., 120 F.2d 230, at page 234, certiorari denied, 314 U.S. 648, 62 S.Ct. 92, 86 L.Ed. 520, said:

"Considering the real character of this proceeding as defined in subdivision (b), the apparently meticulous care with which the use of the various courts is defined in the several sections of the Act, and the emphatically expressed limitations in subdivision (d), we think the requirement that the proceeding be in the court of the district wherein the injury or death occurred is not merely one of venue but is jurisdictional."

The Bassett case was cited with approval in Re Independent Pier Co. et al. v. Norton et al., D. C., 47 F.Supp. 1020, at page 1021. The court said: "The fact that the claimant-defendants have assented to this jurisdiction is immaterial since the Deputy Commissioner has not done so and since in any event the requirement of Section 21(b) of the Act [33 U.S.C.A. § 921(b)] is not merely one of venue but is jurisdictional."

The complainants in the instant case point out the inconvenience to claimants living in Southern California in being required to present and have their claims heard in the northern district. This argument is answered in the Independent Pier Co. action as follows:

"The further argument of the plaintiffs with respect to matters of policy and convenience to employees and their dependents has no merit in view of the explicit language of the Act." This is clearly an argument to be addressed to Congress.

The Railroad Retirement Act of 1937, § 11, 45 U.S.C.A. § 228k, provides: "An employee or other person aggrieved may apply to the district court of any district wherein the Board may have established an office or to the District Court of the United States for the District of Columbia to compel the Board * * *."

With respect to the establishment of offices, sec. 10(b) 4 of the Act of 1935, 45 U.S.C.A. § 228j (b) 4, directs that the Board " * * * shall maintain such offices, provide such equipment, furnishing supplies, services, and facilities and employing such individuals and providing for their compensation and expenses as may be necessary for the proper discharge of its functions. * * *" The Board maintains in the Post Office Building in Albany, New York, a room which is open daily to the public during normal business hours, but then contends it is not an established "office" within the meaning of sec. 11 of the Statute. The room was equipped with desks, files, typewriter and telephone. The telephone was listed in the Directory under the name of "Railroad Retirement Board." The door of the room carried the name of the Board when the present suit was started, but the legend was subsequently changed to "District Manager's Office—

Railroad Retirement Board." A stenographer employed by the Board was in regular attendance. Three other employees, as field agents, one of whom was designated "District Manager," made transitory use of the room as headquarters. This was one of thirty-five similar field headquarters distributed throughout the United States. Applications are sent to the Washington office where awards and adjudications are made. The court held that the District Court had jurisdiction of the action in view of the facts stated.

It can clearly be seen that the facts in the Ellers case, Ellers v. Railroad Retirement Board, 2 Cir., 132 F.2d 636, and in the one before the court, are considerably at variance. To hold otherwise would mean that wherever the Deputy Commissioner held conferences for an hour or two each week would be considered as an "office," and suit could be instituted in the District Court where the conferences were held. The notice authorized to be posted by the Deputy Commissioner, and presented to the court by the complainants, provided for a hearing of one hour for miscellaneous interviews in the hearing room, Board of Harbor Commissioners, fourth floor, City Hall, San Pedro, California, and provided further that he would hold office hours on the first and third Tuesdays of each month until further notice. The notice, therefore, provided for conferences of four hours in one month—no doubt as a convenience to claimants.

The Thirteenth District covers a wide territory of six states: California, Nevada, Utah, Colorado, Arizona and New Mexico. It cannot be properly said that he maintains an office in the various states and at the various places where he stops for convenience of the claimants. Unlike the Ellers case, there is no room or office maintained in any place in the district, except in San Francisco. There are no employees; no stenographers, no place equipped with desks, typewriters, files or telephone, as were the facts in the Ellers case.

This question was considered in Re Bruno v. Railroad Retirement Board, D. C., 47 F.Supp. 3, 5, where an attempt was made to secure jurisdiction by serving an employee of the Board not authorized by the regulations of the Board, which have the force of law, or the statute.

The regulation further provides that process issued from a District Court located in a district where the Board has established an office will be accepted if forwarded by registered mail.

The court held that no office was established in the Western District of Pennsylvania, and the employee on whom the summons was served was not authorized to accept or receive it. "Therefore the requirements of the statute for a review of the decision of the Board have not been met, and failure must lead to a dismissal of the Complaint." This opinion is cited in the Ellers case, supra.

■ It is, therefore, the conclusion of this court that this court has no jurisdiction, and the complaint for injunction will be dismissed.