236 F.2d 282
 CONTINENTAL FIRE AND CASUALTY INSURANCE COMPANY, and
Clarence L. Caldwell, Appellants,
v.
J. J. O'LEARY, Deputy Commissioner, Fourteenth Compensation
District, Under the Longshoremen's and Harbor
Workers' Compensation Act, and
Employers' Mutual Casualty Co.
of Des Moines, Appellees.
 No. 14921.
 United States Court of Appeals Ninth Circuit.
 Aug. 27, 1956.
 
 Roy E. Jackson, Torlief P. Ulvestad, Seattle, Wash., for appellant.
 Charles P. Moriarty, U.S. Atty., Richard F. Broz, Asst. U.S. Atty., Seattle, Wash., Stuart Rothman, Sol., Dept. of Labor, Herbert P. Miller, Ward E. Boote, Attys., Dept. of Labor, Washington, D.C., for appellees.
 Before ORR and CHAMBERS, Circuit Judges, and TOLIN, District Judge.
 ORR, Circuit Judge.
 
 
 1
 Appellant Caldwell was injured on May 30, 1951 while working aboard the S.S. Seafair, a vessel owned and operated by Coastwise Lines, Inc. At the time of the injury the vessel was discharging freight at Seward, Alaska.
 
 
 2
 The freight being handled by appellant and others consisted of plasterboard packed in rather large bundles, and appellant was attempting to pry one of the bundles into a certain position when the peavy with which he was working slipped. Appellant fell backward and sustained an injury to his back. More than two years thereafter, to wit October 10, 1953, appellant sustained another injury while engaged in unloading cargo. This injury also occurred in Alaska. A claim for the May 30, 1951 injury was made on or about November 13, 1953. A hearing was had in Seattle, Washington, before a Deputy Commissioner residing at that city. An award was made to appellant on February 11, 1955. Being dissatisfied therewith, he filed in the District Court of the United States for the Western District of Washington, Northern Division, a petition for injunction against appellee. On August 18, 1955, the District Court entered an order dismissing the petition on the ground that it failed to state a claim upon which relief could be granted. From said order an appeal was taken to this court.
 
 
 3
 At the time of oral argument this court, of its own motion, raised the question of our jurisdiction. Additional briefs have been filed dealing with the question of whether the requirements of 33 U.S.C.A. § 921(b) concern jurisdiction or merely venue.
 
 
 4
 At the outset we emphasize that it is conceded that the injuries complained of occurred in Alaska, and therefore 33 U.S.C.A. § 921(b) and (d) have application:
 
 
 5
 '(b) If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred * * *.'
 
 
 6
 '(d) Proceedings for suspending, setting aside, or enforcing a compensation order, whether rejecting a claim or making an award, shall not be instituted otherwise than as provided in this section and section 918 of this chapter.'
 
 
 7
 It is conceded, as it must be, that if said section 921, subsections (b) and (d) controls the instant case, and is a jurisdictional statute rather than one dealing with venue, the District Court in which the action was commenced was without jurisdiction to entertain it and this court is without jurisdiction to entertain this appeal.
 
 
 8
 We think 33 U.S.C.A. § 921(b) determines wherein jurisdiction lies in the instant case. Bassett v. Massman Const. Co., 8 Cir., 120 F.2d 230, certiorari denied 314 U.S. 648, 62 S.Ct. 92, 86 L.Ed. 520; Independent Pier Co. v. Norton, D.C.E.D.Pa., 47 F.Supp. 1020, 1021. We find no general jurisdiction statute providing for this type of workmen's compensation suit as are found in the cases dealt with in Panama R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748, and Hoiness v. United States, 335 U.S. 297, 69 S.Ct. 70, 93 L.Ed. 16. In those cases a general grant of jurisdiction to United States courts over contract and tort actions, etc., preexisted the specific statute in question. Applicable suits under the Longshoremen's and Harbor Workers' Compensation Act come within a particular class. The lack of a prior general grant of jurisdiction over the subject matter together with the literal reading of the statute compel the conclusion that the requirement of § 921(b) is not merely one of venue but is jurisdictional.
 
 
 9
 However appellant argues that Congress in its use of the phrase 'judicial district' as contained in section 921(b) must have been referring to the judicial districts of the United States, and that a District Court of Alaska is not within a judicial district of the United States, but is an independent court created by an Act of Congress, and hence in seeking relief for a longshoreman injured in Alaska resort must be had to 33 U.S.C.A. § 939, which reads as follows:
 
 
 10
 'Judicial proceedings under sections 918 and 921 of this title in respect of any injury or death occurring on the high seas shall be instituted in the district court within whose territorial jurisdiction is located the office of the deputy commissioner having jurisdiction in respect of such injury or death'.
 
 
 11
 We are unable to accept this theory. The injuries complained of did not occur on the high seas. The case of International Longshoremen's and Warehousemen's Union v. Juneau Spruce Corp., 342 U.S. 237, 72 S.Ct. 235, 237, 96 L.Ed. 275, is illustrative. While that case dealt with a provision of the Labor Management Relations Act, the reasoning employed is helpful here.
 
 
 12
 In the case of International Longshoremen's and Warehousemen's Union v. Juneau Spruce Corp., supra, the Supreme Court of the United States construed the words "district court of the United States" as used in the Labor Management Relations Act to apply to the district court of Alaska.
 
 
 13
 We think the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., with which we are here concerned extends its full sweep to Alaska as well as to the states and other territories; in fact, the wording used in the Labor Management Relations Act, 29 U.S.C.A. § 185, viz.: 'district court of the United States' and the words used in the Longshoremen's and Harbor Workers' Compensation Act, viz.: 'Federal district court for the judicial district' differ significantly. The latter statement lends itself more favorably to a holding that the Alaska courts have jurisdiction.
 
 
 14
 It is conceded that the district courts of Alaska are federal courts, but it is argued that there are no judicial districts in Alaska in which and injunction proceeding could be filed.
 
 
 15
 48 U.S.C.A. § 101 establishes a district court for the District of Alaska with the jurisdiction of District Courts of the United States. The courts of Alaska being federal courts, they manifestly fit into the provision of 33 U.S.C.A. § 921(b) requiring the action to be 'instituted in the Federal district court'. We do not believe it would be giving the words 'judicial district' as used in 33 U.S.C.A. § 921(b) a too loose or too liberal meaning in the special context of legislation to say it includes the District of Alaska.
 
 
 16
 The order of the District Court dismissing the action is affirmed on the ground that said court had no jurisdiction to entertain the cause.
 
 
 17
 Affirmed.