**Ethel HUGHES, Plaintiff**

v.

**Arnold J. QUIGLEY, Deputy Commissioner, Second Compensation District, Defendant.**

**Civ. No. 1099–59.**

United States District Court
D. New Jersey.
Feb. 10, 1960.

Edward V. Ryan, Newark, N. J., Reuel M. Jordan, New York City, of counsel, for plaintiff.

Chester A. Weidenburner, Charles H. Hoens, Jr., Newark, N. J., for defendant.

MEANEY, District Judge.

This is an action under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., to set aside a denial by defendant of benefits under said act to the plaintiff herein. Jurisdiction of this court depends on § 921(b) of the said act.

"(b) If not in accordance with law, a compensation order may be suspended or set aside, in whole or

in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred. * * *"

The action was instituted in the United States District Court for the Southern District of New York within thirty days of the defendant's denial of benefits. 33 U.S.C.A. § 921(a). After the thirty-day period had expired, it became apparent to the court and counsel that the action should have been brought in the District of New Jersey since the injuries complained of occurred in Jersey City, N. J. A consent order transferring the action to this district was then entered.

■ The defendant now moves to dismiss the complaint, contending that the United States District Court for the Southern District of New York lacked jurisdiction over the subject matter, and could not transfer the action over which it had originally no jurisdiction. He contends that under the circumstances there is effectively nothing before this court over which it has jurisdiction. Plaintiff urges that 28 U.S.C. § 1406(a) is applicable and that the transfer was proper. § 1406(a) reads as follows:

"(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

It must be conceded that if the United States District Court for the Southern District of New York did not have jurisdiction of the subject matter, the transfer was ineffective and this court must dismiss the complaint.

The nub of the case is therefore whether § 921(b) gives jurisdiction over the subject matter of this type of action to only one federal district court, i. e., that court in the district where the injury occurred, or refers to the district in which the venue of such action must be laid, in which case a defect may be cured by transfer under § 1406(a).

■ I am of the opinion that § 921(b) determines jurisdiction and does not relate merely to venue. Continental Fire & Casualty Insurance Co. v. O'Leary, 9 Cir., 1956, 236 F.2d 282; Bassett v. Massman Const. Co., 8 Cir., 1941, 120 F. 2d 230, certiorari denied 314 U.S. 648, 62 S.Ct. 92, 86 L.Ed. 520; Independent Pier Co. v. Norton, D.C.E.D.Pa.1942, 47 F. Supp. 1020.

Accordingly, the defendant's motion to dismiss the complaint is granted.

Let an order be submitted.