**ATLANTIC SHIP RIGGING CO., Inc.,**
Employer Plaintiff Appellant
and
The State Insurance Fund, Insurance
Carrier Plaintiff Appellant

v.

John D. McLELLAN, Jr., Deputy Commissioner for the 2nd Compensation District of the United States Department of Labor, Bureau of Employees' Compensation, and Zurich Insurance Company, Defendants Appellees
and
John E. Murphy, Employee Defendant Appellee.

Civ. A. No. 54–60.

United States District Court
D. New Jersey.
June 16, 1960.

Francis D. Murphy, West New York, N. J., for plaintiff State Ins. Fund.

Chester A. Weidenburner, Charles H. Hoens, Jr., Newark, N. J., for defendant McLellan, Jr.

MEANEY, District Judge.

This is an action to review a decision of defendant, Deputy Commissioner for the 2nd Compensation District of the United States Department of Labor, Bureau of Employees' Compensation, under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

It is not disputed that defendant Murphy is entitled to compensation. Plaintiff State Insurance Fund, against which the Deputy Commissioner's order for payment of compensation was directed, disputes the propriety of the assessment of compensation against it rather than against defendant Zurich Insurance Company, and with its insured filed the bill of complaint requesting the issuance of a mandatory injunction directing that the award in favor of the employee be charged to and paid by the defendant Zurich Insurance Company, and directing that Zurich Insurance Company reimburse the State Insurance Fund for the amount paid to the employee.

The action was commenced in the United States District Court for the Eastern District of New York and transferred to this court. Actions to review decisions under the Act by way of injunctions, mandatory or otherwise, must be commenced in the District where the injury occurred. 33 U.S.C.A. § 921(b). This is a jurisdictional requirement and does not relate merely to venue. Continental Fire & Casualty Insurance Co. v. O'Leary, 9 Cir., 1956, 236 F.2d 282; Bassett v. Massman Const. Co., 8 Cir., 1941, 120 F.2d 230, certiorari denied 314 U.S.

648, 62 S.Ct. 92, 86 L.Ed. 520; Hughes v. Quigley, D.C.D.N.J., 184 F.Supp. 568.

■■■ Defendant Deputy Commissioner is now moving to dismiss the complaint for lack of jurisdiction in this court, claiming that Murphy's injury occurred in New Jersey. If this is so, the action must be dismissed because the United States District Court for the Eastern District of New York, under the above cited cases, did not have jurisdiction of the subject matter and could not effectively transfer the action to this court.

The injury for which Murphy claimed and received compensation was a cumulative loss of hearing. By its very nature a cumulative injury is difficult to locate in time and place if the employee has been subjected to injurious stimuli in many places over a period of years.

The only allegation in the complaint as to place of injury indicates employment in Hoboken, N. J. Counsel were given an opportunity to submit further proof as to place of injury, but nothing has been adduced contradicting the fact that the place of injury within the meaning of the Act is New Jersey. Therefore, the court must accept New Jersey as the place of injury.

This court finds it unnecessary to resort by analogy to the rule of the Second Circuit establishing a more or less arbitrary criterion which places liability for the full amount of compensation on the last employer prior to the worker's awareness of his injury, regardless of the length of such employment, if it involved continuous or even episodic exposure to injurious stimuli. Travelers Insurance Co. v. Cardillo, 2 Cir., 1955, 225 F.2d 137, certiorari denied sub nom. Ira S. Bushey & Sons, Inc. v. Cardillo, 1955, 350 U.S. 913, 76 S.Ct. 196, 100 L. Ed. 800. Consistent therewith the Second Circuit would say that the situs of such employment is the place of injury.

It follows that the action was improperly commenced in the United States District Court for the Eastern District of New York and that court had no jurisdiction. As a consequence, since the matter was transferred therefrom, this court has no jurisdiction of the subject matter, under the circumstances.

Defendant Deputy Commissioner's motion to dismiss is granted.

Let an order be submitted.