**ATLANTIC SHIP RIGGING CO., Inc., and the State Insurance Fund, Appellants,**

v.

**John D. McLELLAN, Jr., Deputy Commissioner for the 2nd Compensation District of the United States Department of Labor, Bureau of Employees' Compensation, and Zurich Insurance Company, and John E. Murphy.**

No. 13442.

United States Court of Appeals
Third Circuit.

Argued March 24, 1961.

Decided April 6, 1961.

---

New York, and its insured, Atlantic Ship Rigging Co., Inc., employer, commenced an action in the United States District Court for the Eastern District of New York to review a compensation order of the defendant-appellee, the Deputy Commissioner for the Second Compensation District of the United States Department of Labor, Bureau of Employees' Compensation, making a compensation award under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. ("Act"), to an employee of Atlantic named Murphy.

Subsection 921(b) of the Act provides that a compensation order is reviewable in the district court for the judicial district in which the injury occurred.[1] The single allegation in appellants' complaint as to the place of Murphy's injury was that he was employed in Hoboken, New Jersey. The district court in New York, therefore, pursuant to 28 U.S.C. § 1406 (a), transferred the action to the United States District Court for the District of New Jersey. That court, however, dismissed the action, holding that since subsection 921(b) is jurisdictional, the district court in New York lacked jurisdiction over the subject matter and was, therefore, without power to transfer the action.

██ We think that the district court below was correct. It was made clear in Continental Fire and Casualty Insurance Company v. O'Leary, 9 Cir., 1956, 236 F.2d 282, and Bassett v. Massman Construction Co., 8 Cir., 120 F.2d 230, certiorari denied 1941, 314 U.S. 648, 62 S.Ct. 92, 86 L.Ed. 520, that subsection 921(b) of the Act is jurisdictional and that it is not merely a venue provision. Recently, this court in Hohensee v. News Syndicate, Inc., 3 Cir., 1961, 286 F.2d 527, held that a court is without power to transfer an action under 28 U.S.C. § 1406(a) absent jurisdiction over the per-

Louis Bussell, New York City (Francis D. Murphy, West New York, N. J., on the brief), for plaintiffs-appellants.

Raymond W. Young, Asst. U. S. Atty., Newark, N. J. (Chester A. Weidenburner, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

Appellants, The State Insurance Fund, created under the laws of the State of

---

1. "(b) If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred * * *." 33 U.S.C.A. § 921(b).

son of the defendant.[2]  Where, as here, the court lacks jurisdiction over the subject matter, which is a more fundamental defect than an absence of *in personam* jurisdiction, and one which precludes it from acting at all, *a fortiori* a court lacks power to transfer.

The order of the district court will be affirmed.

**2.** Subsequent to the transfer here, the United States Court of Appeals for the Second Circuit, in Goldlawr, Inc. v. Hei-man, 288 F.2d 579, held as we did in Hohensee.