Jure GRUBISIC, Plaintiff,

v.

P. A. ESPERDY, District Director, Immigration & Naturalization Service, United States Department of Justice, Defendant.

United States District Court
S. D. New York.

May 18, 1964.

Edith Lowenstein, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, for defendant; Roy Babitt, Sp. Asst. U. S. Atty., of counsel.

METZNER, District Judge.

Defendant moves for summary judgment on the ground that the court does not have jurisdiction of the subject matter of this action seeking review of a denial of discretionary relief in deportation proceedings.

Plaintiff entered this country as an alien crewman on December 2, 1960 with the usual shore leave visa. He overstayed his leave and deportation proceedings were instituted against him. At the hearing before the special inquiry officer he conceded deportability and a final order of deportation was entered.

Thereafter plaintiff moved to reopen the proceedings to seek discretionary relief in the form of suspension of deportation on the ground that he would be subject to physical persecution if he were returned to Yugoslavia. Section 243(h) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h). The hearing was reopened, the relief requested was denied and the order was affirmed by the Board of Immigration Appeals on November 16, 1962. On December 17, 1962 this action to review the order denying discretionary relief was instituted.

At that time the Court of Appeals for this circuit had held that actions to review orders denying discretionary relief should be instituted in the district court. Foti v. Immigration and Naturalization Service, 2 Cir., 308 F.2d 779. The determination was based on a holding that sec-

tion 106 of the Immigration and Nationality Act, 8 U.S.C. § 1105a, providing for review of final orders in deportation by courts of appeal, did not encompass orders denying discretionary relief in deportation proceedings. On December 16, 1963, one year after the filing of the instant action, the Supreme Court reversed the Foti case and held that the courts of appeal had original jurisdiction in such actions. 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281.

What is the effect of the intervening decision of the Supreme Court on this action which was properly instituted in this court under the law as it then existed, within the six-month period fixed by the statute? Section 106(a) (1) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a) (1). If the case is now dismissed for lack of jurisdiction and the plaintiff starts anew in the Court of Appeals, he will be faced by a motion to dismiss for failure to institute the action within six months after the date of the order appealed from. On the other hand, there is no jurisdiction in this court to determine the matter. Lack of subject matter jurisdiction renders the court powerless to grant any relief. Even if there were some statutory authority for transfer, it could not be exercised absent such jurisdiction. First National Bank of Chicago v. United Air Lines, 190 F.2d 493 (7th Cir. 1951), rev'd on other grounds, 342 U.S. 396, 72 S.Ct. 421, 96 L.Ed. 441 (1952).[1] The only statutory provision for transfer of this type of action to the Court of Appeals does not apply. Section 5 of the Act, 8 U.S.C. Supp. IV note p. 227 provides only for transfer of cases pending unheard in the district court on the effective date of the section, which was October 26, 1961.

While the court is sympathetic to plaintiff's predicament, relief can only be obtained from the court having jurisdiction of his action. The Foti case was decided on December 16, 1963, and six

months from that date would be June 16, 1964. Cf. Brinkerhoff-Faris Trust & Savings Co. v. Hill, 281 U.S. 673, 50 S. Ct. 451, 74 L.Ed. 1107 (1930).

Motion granted. So ordered.

---

1. This is to be distinguished from the power to transfer absent personal jurisdic-

tion. Goldlawr Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39.