614 F.2d 299
 Emil F. DANTES, Claimant, Respondent,
v.
WESTERN FOUNDATION CORPORATION ASSOCIATION
and
Michigan Mutual Insurance Company, Employer/Carrier, Petitioners,
Director, Office of Workers' Compensation Programs, United
States Department of Labor, Party-In-Interest.
 No. 79-1358.
 United States Court of Appeals,
First Circuit.
 Argued Dec. 5, 1979.
Decided Feb. 11, 1980.
 
 William F. Fischer, Jr., New York City, with whom Fischer Brothers and Martin Krutzel, New York City, were on brief for employer/carrier, petitioners.
 Robert T. Naumes, Boston, Mass., with whom Malone, McCarthy & Hunt and Thomas J. Hunt, Boston, Mass., were on brief for claimant, respondent.
 Joshua T. Gillelan, II, Atty., Carin Ann Clauss, Sol. of Labor and Laurie M. Streeter, Associate Sol., U. S. Dept. of Labor, Washington, D. C., for party-in-interest.
 Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.
 LEVIN H. CAMPBELL, Circuit Judge.
 
 
 1
 Western Foundation Corporation Association and Michigan Mutual Insurance Company filed a petition for review of a decision of the Benefits Review Board (BRB) awarding claimant Dantes compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. Because we lack jurisdiction to review the decision of the BRB, the petition must be dismissed.
 
 
 2
 The procedure for obtaining review of decisions of the BRB is set forth in 33 U.S.C. § 921(c) which provides in material part:
 
 
 3
 "(c) Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside. (Emphasis added.)"
 
 
 4
 Section 921(e) further provides,
 
 
 5
 "(e) Proceedings for suspending, setting aside, or enforcing a compensation order, whether rejecting a claim or making an award, shall not be instituted otherwise than as provided in this section and section 918 of this title."
 
 
 6
 There is no dispute that claimant was injured on or adjacent to the Thames River in Groton, Connecticut, which is within the territory of the Second Circuit, not the First. Petitioners argue, however, that section 921(c) is not a statute relating to jurisdiction but is rather a venue provision which claimant waived by filing his brief without objecting to this court's hearing the petition for review. We disagree.
 
 
 7
 Prior to the 1972 amendments to the Longshoremen's and Harbor Workers' Compensation Act, proceedings for the review of compensation orders were to be filed in the "Federal district court for the judicial district in which the injury occurred . . . ." Longshoremen's and Harbor Workers' Compensation Act, Pub.L.No.803, § 21(b), 44 Stat. 1436 (1927). This statute was consistently interpreted to confer jurisdiction only upon the district court within whose territorial jurisdiction the injury occurred. Atlantic Ship Rigging Co. v. McLellan, 288 F.2d 589, 590 (3d Cir. 1961); Continental Fire & Casualty Insurance Co. v. O'Leary, 236 F.2d 282, 283-84 (9th Cir. 1956); Bassett v. Massman Construction Co., 120 F.2d 230, 234 (5th Cir.), cert. denied, 314 U.S. 648, 62 S.Ct. 92, 86 L.Ed. 520 (1941); Hughes v. Quigley, 184 F.Supp. 568 (D.N.J.1960); Independent Pier Co. v. Norton, 47 F.Supp. 1020 (E.D.Pa.1942). While under the 1972 amendments review is now in the first instance to a circuit court of appeals rather than to a district court, the geographical specification of the court with power to hear the petition for review the court within whose territorial jurisdiction the injury occurred has not been changed. We see no reason to depart from the long settled construction of the judicial review provisions of the Longshoremen's Act and therefore construe 33 U.S.C. § 921(c) as conferring exclusive jurisdiction to hear a petition for review of a final order of the BRB in the court of appeals for the circuit in which the injury occurred.[1] Accord Pearce v. Director, Office of Workers' Compensation Programs, 603 F.2d 763 (9th Cir. 1979).
 
 
 8
 Petitioners urge that we transfer the case to the Second Circuit rather than dismiss it. We cannot do so. "Where, as here, the court lacks jurisdiction over the subject matter . . . (a defect) which precludes it from acting at all, a fortiori a court lacks power to transfer."[2] Atlantic Ship Rigging Co. v. McLellan, 288 F.2d 589, 591 (3d Cir. 1961); Panhandle Eastern Pipeline Co. v. FPC, 343 F.2d 905, 908 (8th Cir. 1965); compare Georgia Pacific Corp. v. FPC, 512 F.2d 782 (5th Cir. 1975) (court which has jurisdiction over the subject matter but lacks venue may transfer action to court where both jurisdiction and venue are proper) and Natural Resources Defense Council, Inc. v. EPA, 465 F.2d 492, 496 (1st Cir. 1972) (transfer pursuant to 28 U.S.C. § 2112(a)).
 
 
 9
 Petition dismissed.
 
 
 
 [1]
 Petitioners relied on Panhandle Eastern Pipeline Co. v. FPC, 324 U.S. 635, 65 S.Ct. 821, 89 L.Ed. 1241 (1945) and NLRB v. Wilder Mfg. Co., 147 U.S.App.D.C. 152, 454 F.2d 995 (D.C.Cir.1971), to support their argument that 33 U.S.C. § 921(c) should be interpreted as pertaining to venue rather than jurisdiction. The statutory review provisions in those cases were explicitly worded to give litigants choices as to the circuit in which to seek review and were therefore construed as relating to the convenience of litigants a matter of venue, not jurisdiction. In contrast, 33 U.S.C. § 921(c) coupled with 33 U.S.C. § 921(e) is more restrictively phrased no explicit choice is given. It may be that the circuit in which the injury occurred is, in most cases, both the injured party's domicile and the employer's place of business; in that sense, it might be argued that section 921(c) is also implicitly addressed to the convenience of the parties and so should be interpreted as a venue provision. But merely because Congress took account of the parties' convenience in selecting the one circuit in which suit may be brought does not signal an intent to sanction proceedings elsewhere at the parties' choice. In the absence of even a limited statutory option among the different circuits we see no warrant for departing from the long standing and settled interpretation that the review provisions of the LHWCA confer exclusive jurisdiction on the court within whose territorial jurisdiction the injury occurred
 
 
 [2]
 To the extent Pearce v. Director, Office of Workers' Compensation Programs, 603 F.2d 763, 771 (9th Cir. 1979) and Dayton Power & Light Co. v. EPA, 520 F.2d 703, 708 (6th Cir. 1975), stand for the proposition that a court bereft of jurisdiction has an "inherent power" to transfer we find them unpersuasive. This is not to say there will not be other, different statutory schemes, involving factors not before us here, from which sufficient jurisdiction to effect a transfer may be inferred. Cf. Natural Resources Defense Council, Inc. v. EPA, 465 F.2d 492 (1st Cir. 1972)