James NAUM, Petitioner,

v.

John BROWN, Warden of Oklahoma State Penitentiary, Michael Turpin, Attorney General of the State of Oklahoma, Respondents.

No. CV 84–3066.

United States District Court,
E.D. New York.

March 22, 1985.

James Naum, petitioner, pro se.

Michael Turpin, Oklahoma Atty. Gen., Oklahoma City, Okl., for respondents.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

James Naum petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted on July 18, 1979 in Tulsa County District Court in Tulsa, Oklahoma of first degree manslaughter for strangling his wife Maria to death in January 1978 in Tulsa, Oklahoma. Mr. Naum was sentenced to twenty years in prison and has been serving that time in the Oklahoma prison system since.

Petitioner has filed six earlier actions in this Court,[1] premised on his many years as a Queens, New York resident before he traveled to Oklahoma. The Court surmises that this is the reason he has filed his habeas corpus petition here. One of the earlier actions was dismissed, the others were transferred to federal district courts in Oklahoma.

The United States District Courts are courts of limited jurisdiction, *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 376, 60 S.Ct. 317, 319, 84 L.Ed. 329, *reh'g denied*, 309 U.S. 695, 60 S.Ct. 581, 84 L.Ed. 1035 (1940). They have only that existence and subject matter jurisdiction that Congress specifically grants under Article III Section 2 of the U.S. Constitution. The question of subject matter jurisdiction is so fundamental that the Court is compelled to raise it of its own accord, even when it is not otherwise suggested by the parties to the action. *Mansfield, Coldwater & Lake Michigan Rwy. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1882).

Among the grants of subject matter jurisdiction bestowed by Congress on the district courts is the power to hear and grant petitions for habeas corpus from persons in state custody pursuant to state court judgments. 28 U.S.C. § 2254(a). Nevertheless, without suspending the writ, Congress has limited district court jurisdiction under 28 U.S.C. § 2241. This section provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

(b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain any application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

\* \* \* \* \* \*

(d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

This section is held to be a restriction on the jurisdiction of the district court, not a venue provision. *United States ex rel. Rudick v. Laird*, 412 F.2d 16 (2d Cir. 1969). In other words, it limits the power of the Court to hear and grant the writ. Unlike venue, it is not a matter within the Court's discretion and it cannot be waived. Without jurisdiction over the action, any decision or ruling by the Court is a nullity.

---

1. *Naum v. Heckler*, CV 83–2580; *Naum v. Free and Accepted Masons, et al.*, CV 84–2651; *Naum v. Douglas, et al*, CV 84–2778; *Naum v. Mitchell*, CV 84–2779 (dismissed September 12, 1984); *Naum v. Sanders*, CV 84–2780; and *Naum v. Brown*, CV 84–2921.

Clearly, jurisdiction in this action is absent. The petitioner-prisoner is not within this Court's territorial jurisdiction, nor are his custodians. The crime, trial, and sentencing all took place in Oklahoma. Under § 2241(a) and (d) this Court is powerless to hear and grant the habeas corpus petition.

When the Court lacks subject matter jurisdiction dismissal is proper. Rule 12(h), Fed.R.Civ.P. Nevertheless, where the petitioner is a prisoner and a pauper, outright dismissal would work delay and injustice. The Court is particularly persuaded by Judge Neaher's reasoning on this issue in *United States ex rel. Ayala v. Tubman*, 366 F.Supp. 1268 (E.D.N.Y.1973), that transfer to the Northern District of Oklahoma, where Mr. Naum was convicted and·sentenced, is the better course of action and within the Court's power. Accordingly, the petition is transferred to that district court pursuant to 28 U.S.C. § 1406(a).

In closing the Court would like to address a few words of explanation, albeit dicta, to the petitioner. This is the seventh cause of action Mr. Naum has filed in this Court. Six of them, to Mr. Naum's apparent frustration, have been transferred to Oklahoma district court, and one dismissed outright. In five of the transfers the Court was not acting in its discretion; it had no choice. Federal district court jurisdiction can be a difficult concept to grasp. Briefly, this Court is not a court of general jurisdiction. It cannot act except where Congress specifically gives it subject matter jurisdiction. Where such jurisdiction does not exist it cannot be bestowed by the parties' consent or waiver. In addition, even where the Court has subject matter jurisdiction, it must also have personal jurisdiction. A plaintiff consents to personal jurisdiction when he files an action in this Court. But without personal jurisdiction over the defendants, any judgment or ruling is without force or effect and the defendants cannot be compelled to act as the Court orders. Contrary to Mr. Naum's understanding, the Court does not have wide powers to do as it wishes, but must tread the pathways laid out by the Constitution and laws. The Court hopes that Mr. Naum will not pursue future exercises in futility by filing actions in a court powerless to give him redress or relief.

The Clerk of the Court is hereby ordered to transfer this action to U.S. District Court for the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1406(a).

SO ORDERED.