**UNITED STATES of America ex rel. Ernest GRIFFIN, Sr., Petitioner,**

v.

**J. E. LaVALLEE, Warden of Auburn State Prison, Auburn, New York, Respondent.**

No. 67 C 525.

United States District Court E. D. New York.

June 29, 1967.

Ernest Griffin, pro se.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

Petitioner was sentenced by the Onondaga County Court, Syracuse, New York, to a term of 20 years to life upon a conviction of second degree murder. He is now serving his sentence in the state prison at Auburn, New York.

■ The petition for a writ of habeas corpus is dismissed for lack of jurisdiction in this Court since the Eastern District of New York does not include either the place where petitioner is in custody or where he was sentenced.

The applicable statute (28 U.S.C. § 2241 (d)) provides that:

> "Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination."

■ Until recently, a federal district court lacked authority to issue a writ of habeas corpus for a state prisoner unless he was being held in custody within the physical bounds of the federal district court's jurisdiction. See Ahrens v. Clark, 335 U.S. 188, 190, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948); U. S. ex rel. McGowan v. New York State Division of Parole, 239 F.Supp. 622 (S.D. N.Y.1965) (petitioner on parole sentenced in Kings County and within legal custody of warden of Clinton State Prison, Clinton County). Subdivision (d) was adopted in 1966 in order to permit the district court for the district within which the state sentencing court was held to also issue the writ. S. Rep. No. 1502, 89th Cong., 2d Sess., 2 U.S. Code Congressional and Administrative News, pp. 2968, 2969 (1966).

■ There is some ambiguity in the language of subdivision (d). The words "the district court * * * wherein such an application is filed * * * may transfer" could be construed to refer to a district court within the state which lacks jurisdiction to issue the writ. Cf. Ahrens v. Clark, 335 U.S. 188, 201, 68

S.Ct. 1443 (1948) (dissent). The legislative history of subdivision (d) supports the interpretation that only a court possessing jurisdiction to issue the writ—i. e., the court within whose territory the prisoner is being held or the court within whose territory the petitioner was sentenced—may transfer the application to the other court having jurisdiction. See S.Rep. No. 1502, 89th Cong., 2d Sess. (1966); 2 U.S. Code Congressional and Administrative News, p. 2968 (1966). As the Senate Report on the bill indicates (Id. at p. 2969):

> " * * * The bill would give the petitioner his choice of filing a petition either in the district wherein he is incarcerated or the district wherein he was tried and convicted. The bill also permits the district court wherein an application is filed to transfer the application to the *other court where the application might have been made* if justice or convenience dictates such a transfer." (Emphasis supplied.)

The memoranda in support of the amendment by the Chief Judges of the United States District Courts for the Southern District of Texas and the Northern District of New York demonstrate that the amendment was required for two reasons. First, a disproportionate share of the heavy habeas corpus burden fell upon those districts in which major state prisons were located. Second, hearings are often required and the witnesses and records are usually more conveniently available in the district in which the sentencing court is located. Id. at pp. 2971–78. No suggestion appears in the legislative history that districts other than those referred to should be granted jurisdiction. In this respect, the background of the amendment to subdivision (d) of section 2241 parallels the like history of section 2255 of title 28 of the United States Code covering prisoners in federal custody. See United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952).

In view of the obvious labor and hardship of petitioner in preparing these handwritten papers (See Mayers, Federal Review of State Convictions: Some Proposals for Change, American Crime Quarterly, Winter, 1967), this Court regrets the necessity of dismissing the petition and requiring petitioner to make a *de novo* application to the Northern District of New York—the only court with jurisdiction.

The Clerk is directed to prepare a photostatic copy of petitioner's application for the record purposes of this Court and to transmit all other copies to petitioner so that he may submit them, if he so desires, to the United States District Court for the Northern District of New York, Federal Building, Utica, New York.

So ordered.