■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ISRAEL MOORE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 12, 1965, convicting him of attempted rape in the first degree, robbery in the first degree and grand larceny in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, as to the conviction and sentence for attempted rape in the first degree and new trial ordered on the count therefor; and otherwise judgment affirmed. No questions of fact as to the attempted rape count were considered on this appeal. When testimony of an actual or consummated rape has been received, no conviction can stand for the crime of attempted rape without corroboration (*People* v. *English*, 16 N Y 2d 719). The evidence of corroboration must extend to the consummation itself (*People* v. *Sigismondi*, 49 Misc 2d 1, affd. 27 A D 2d 937). In this case, while there was corroboration of some phases of the complainant's testimony, there was none as to the consummated rape (cf. *People* v. *Debe*, 24 A D 2d 868). Beldock, P J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALEXANDER COX, Appellant, v. W. CECIL JOHNSTON, as Superintendent of Matteawan State Hospital, Respondent.— Judgment of the Supreme Court, Dutchess County, dated May 2, 1967, affirmed. (Appellant's letter of February 1, 1967 has been treated as a premature but valid notice of appeal from said judgment.) The testimony offered at the hearing on December 9, 1966 fully supports the dismissal of the writ. We note in passing that we have also reviewed the merits of the judgment of January 16, 1967 and, had it been properly before us, we would have affirmed (cf. CPLR 7002, subd. [c], par. 6; *People ex rel. McAllister* v. *McMann*, 25 A D 2d 460, 461; *People ex rel. Dunn* v. *McMann*, 23 A D 2d 510, 511). Beldock, P. J., Christ, Rabin, Hopkins and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LLOYD FEDERLE, Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— Judgment of the Supreme Court, Dutchess County, dated October 20, 1966, modified, on the law and the facts, so as to add, after the provision that the writ is "dismissed", the words: "without prejudice to the reopening of the *coram nobis* proceeding referred to in respondent's brief or to any other proceeding appellant may institute upon papers clearly setting forth all the pertinent facts." As so modified, judgment affirmed, without costs. Appellant was convicted of attempted forgery in the third degree on his plea of guilty. It is unclear from the indictment whether he was charged with filing a forged application for a motor vehicle operator's license with the Department of Motor Vehicles (cf. *People* v. *Sansanese*, 17 N Y 2d 302). Appellant, accordingly, should be given the opportunity to raise the question whether he pleaded guilty to facts constituting a crime. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.