**The PEOPLE OF the STATE OF NEW YORK ex rel. John W. WILLIAMS, Jr., Petitioner,**

v.

**The NEW YORK STATE ADDICTION CONTROL COMMISSION, Mr. James Morrow, Director, Respondent.**

**No. 68 CIV. 1346.**

United States District Court
S. D. New York.
June 27, 1968.

John W. Williams, Jr., pro se.

Louis J. Lefkowitz, Atty. Gen., State of New York, Louis E. Cooper, Asst. Atty. Gen., of counsel, for respondent.

## MEMORANDUM

TENNEY, District Judge.

This application by petitioner herein for a writ of habeas corpus involves two principal issues: (1) whether petitioner is presently "in custody" for the purpose of habeas corpus jurisdiction assuming the truth of respondent's unsworn allegation that petitioner, after the within application was filed with this Court, absconded from the Bayview Rehabilitation Center where he had been confined pursuant to a civil commitment authorized by Section 206 of the New York State Mental Hygiene Law, McKinney's Consol. Laws, c. 27, and (2) whether pe-titioner has fully exhausted his state remedies.

Regardless of respondent's allegation that petitioner is no longer in the physical control of the authorities at the Bayview Rehabilitation Center by reason of his unauthorized departure from that institution, this Court is constrained to find that under the authority of Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (U.S. May 20, 1968) and Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1962), the petitioner is still "in custody" for purposes of this Court's jurisdiction of the within application.

In *Jones*, the Supreme Court held that a parolee was still "in custody" inasmuch as the controls exercised by a Parole Board "involves significant restraints on petitioner's liberty because of his conviction and sentence, which are in addition to those imposed by the State upon the public generally." Id. at 242, 83 S.Ct. at 376. Thus, it appears that paramount in the Court's mind was not the factor of physical control over the petitioner but rather the fact that a significant restraint existed on petitioner's liberty by virtue of his status as a parolee, that is, that the petitioner could be rearrested whenever the parole officer determined that he had violated a term or condition of his parole, which determination would result in petitioner's return to jail to finish serving the allegedly invalid sentence. In the present case, although petitioner allegedly is not "in custody" in the physical sense, he would remain burdened by similar restraints on his liberty by virtue of his alleged status as an escapee, and similarly would be subject to recapture at any time for the purpose of completing what petitioner alleges to be a term of illegal confinement.

In *Carafas*, a case in which the Supreme Court held that federal jurisdiction over an applicant for a writ of habeas corpus was not terminated where the petitioner's sentence expired and his status as a parolee was discharged prior to final adjudication of his application,

Mr. Justice Fortas, delivering the opinion for the majority, stated:

> "[T]he statute does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted. It provides that 'the court shall * * * dispose of the matter as law and justice require.' 28 U.S.C. § 2243. The 1966 amendments to the habeas corpus statute seem specifically to contemplate the possibility of relief other than immediate release from physical custody. At one point, the new § 2244(b) speaks in terms of 'release from custody or other remedy.'" (Citations omitted.) Id. 391 U.S. at 239, 88 S.Ct. at 1560.

■ Therefore, it is the opinion of this Court that even if petitioner herein is not presently in the physical custody of the authorities, as respondent alleges, this Court still possesses the jurisdiction to consider petitioner's application.

The chronology of events relating to whether petitioner exhausted his state remedies indicate that petitioner obtained a writ of habeas corpus in the Supreme Court of the State of New York, County of Dutchess, returnable on September 27, 1967. On the return day, petitioner, an indigent, was assigned John R. King, Esq., to represent him as counsel in the proceedings. On November 1, 1967, a hearing was held and decision reserved. On or about November 10, 1967, before a decision from that hearing was rendered and a judgment entered thereon, petitioner, without consulting his attorney, prematurely filed a Notice of Appeal. Although Assistant Attorney General Louis E. Cooper, in his affidavit directed to this Court, represented that it was his belief that Mr. King merely told his client that the Notice of Appeal had been prematurely filed, petitioner, in his application, contends that his attorney informed him that he could not appeal from the judgment. Subsequently, on December 21, 1967, a decision was rendered dismissing the writ. On February 2, 1968, judgment was entered in the Office of the Clerk of Dutchess County, and on February 6, 1968 a copy thereof with notice of entry was served on the petitioner. No Notice of Appeal was filed or served from that judgment.

Since it is obvious that the events described above evidence a misunderstanding between counsel and client rather than an intentional attempt by petitioner to circumvent his available state remedies, the question which remains to be decided at this time is whether a state remedy presently exists which the petitioner can pursue, that is, whether it is within the power of the Appellate Division of the Supreme Court of the State of New York to reinstate petitioner's right to appeal in light of petitioner's failure to file his Notice of Appeal within the time limits provided by statute or whether the Appellate Division can, within the proper exercise of its judicial discretion, treat petitioner's premature filing as proper for purposes of his appeal from the state court judgment.

■ After careful consideration of the applicable case law, it appears to this Court that although the Appellate Division does not have the power to reinstate an appeal from a judgment where no Notice of Appeal whatsoever has been filed prior to the expiration of the statutory time limit, Gluckman v. Klipp, 13 N.Y.2d 1122, 247 N.Y.S.2d 121, 196 N.E.2d 554 (1964); Berkson v. Schneiderman, 280 App.Div. 142, 112 N.Y.S.2d 88 (1st Dep't 1952), where a Notice of Appeal has been filed, although prematurely, the Appellate Division has the power, which it exercises in its discretion, to consider the premature filing as being timely for purposes of an appeal. People ex rel. Cox v. Johnston, 29 A.D.2d 570, 286 N.Y.S.2d 1024 (2d Dep't 1967).

■ After due consideration and in view of the fact that petitioner filed a Notice of Appeal, although prematurely, from his state court judgment, which appeal has not been foreclosed to him as

of this time, the petitioner's application for a writ of habeas corpus is hereby dismissed with leave to renew at such time as petitioner has fully exhausted the remedies available to him in the state forum.

So ordered.