UNITED STATES of America ex rel.
Raymond JIMENEZ, Petitioner,

v.

J. P. CONBOY, Superintendent, Great
Meadows Correctional Institution,
Comstock, N. Y., Respondent.

No. 70 Civil 285.

United States District Court,
S. D. New York.

April 2, 1970.

Raymond Jimenez, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent, Robert S. Hammer, Asst. Atty. Gen., of counsel.

OPINION

EDWARD WEINFELD, District Judge.

Petitioner, following his conviction upon a plea of guilty to criminal trespass, was certified as an addict for treatment and is presently confined in the Great Meadows Correctional Institution, Comstock, New York, under the supervision of the New York State Narcotic Addiction Control Commission.[1] The conviction and certification were entered in the Supreme Court, Kings County. Petitioner seeks his release in this district upon a writ of habeas corpus, contending that he is being treated as a felon instead of an addict and has been denied therapeutic treatment, in violation of his rights under the Eighth Amendment (infliction of cruel and unusual punishment) and the Fourteenth Amendment (denial of due process of law). Petitioner acknowledges that he has brought no prior proceedings in the state or federal courts upon the issues here presented. He has thus failed to

1. *See* N.Y. Mental Hygiene Law § 200–14 (McKinney Supp.1969).

exhaust available state remedies and the writ would have to be dismissed for that reason.[2] However, the court does not reach the exhaustion issue, since it is without jurisdiction to entertain the petition.

■ 28 U.S.C., section 2241(d), as added in 1966, provides that an application for a writ of habeas corpus by a state prisoner may be filed in either the district court for the district wherein petitioner is in custody or the district court for the district within which is located the state court which convicted and sentenced him. Each of those district courts has concurrent jurisdiction to entertain the application. In this case, petitioner's place of confinement is in the Northern District of New York and the court wherein he was sentenced and convicted is in the Eastern District of New York. Thus, there is no jurisdiction in this court, and accordingly the writ should be dismissed.[3]

■ This Court is aware that recently it has been held that where the petition for a writ has not been filed in the proper district as required by section 2241(d), nonetheless the court in which the petition has been improperly filed has jurisdiction to transfer the proceeding to one of the proper districts under 28 U.S.C., section 1406(a) in the interest of justice.[4] The underlying rationale of that ruling is that section 2241(d) is a venue and not a jurisdictional provision. None will dissent from the laudable purpose to avoid a dismissal that would be but a " 'time consuming and justice-defeating' technicality";[5]

and it would be more expeditious to transfer this petition to the proper district than to require that the proceeding be commenced anew. But with great respect to my neighboring colleague, I must disagree with this solution. The defect here is not merely one of improper venue, but of lack of subject matter jurisdiction, which is fundamental and cannot be disregarded.[6]

Habeas corpus jurisdiction of the federal district court is governed in general by 28 U.S.C., section 2241(a), which empowers the district courts to entertain the writ "within their respective jurisdictions." In Ahrens v. Clark,[7] the Supreme Court held that by virtue of this provision a district court's jurisdiction was restricted to petitioners confined or detained within the court's territorial jurisdiction. In that case it was contended that since the jailer was subject to process within the territorial jurisdiction of the court, such personal jurisdiction over the jailer was sufficient under section 2241(a) to confer jurisdiction to issue the writ. But the Supreme Court, reviewing the legislative history of the habeas corpus statute, rejected this view. It also rejected the jailer's proposed waiver of any jurisdictional objection in order to obtain a decision on the merits, holding:[8] "[T]he restriction is one which Congress has placed on the power of the District Court to act. Hence it may not be waived by the parties. United States v. Griffin, 303 U.S. 226, 229." In the Griffin case, the defect was clearly one of lack of subject matter jurisdiction. Since venue or personal jurisdiction, which do not involve the pow-

2. United States ex rel. Williams v. Morrow, 298 F.Supp. 782 (S.D.N.Y.1969).

3. See United States ex rel. Griffin v. LaVallee, 270 F.Supp. 531 (E.D.N.Y.1967); United States ex rel. Rosen v. Warden, 63 Civ. 1625 (S.D.N.Y. April 16, 1964).

4. United States ex rel. Ruffin v. Mancusi, 300 F.Supp. 686 (E.D.N.Y.1969).

5. Id. at 687, quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

6. Cf. American Fire & Cas. Co. v. Finn, 341 U.S. 6, 16–18, 71 S.Ct. 534, 95 L.Ed. 702 (1951); Mansfield, C. & L. M. Ry. v. Swan, 111 U.S. 379, 382–386, 4 S.Ct. 510, 28 L.Ed. 462 (1884); Page v. Wright, 116 F.2d 449 (7th Cir. 1940), cert. dismissed, 312 U.S. 710, 61 S.Ct. 831, 85 L.Ed. 1142 (1941). See also Arrowsmith v. United Press International, 320 F.2d 219, 221 (2d Cir. 1963).

7. 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948).

8. Id. at 193.

er or authority to adjudicate a controversy, may be waived,[9] the Court's refusal to accept such a waiver in *Ahrens*, supported by its citation to *Griffin*, demonstrates that the Court construed the limitation in section 2241(a) as one of subject matter jurisdiction.[10]

In 1966, Congress amended the habeas corpus act by adding section 2241(d).[11] As the legislative history of the Act indicates,[12] the purpose of this amendment was to meet problems arising within states containing two or more federal judicial districts, in which state prisons are often concentrated in one or more districts, although the state sentencing courts for the bulk of the prisoners may be located in other districts. As a result, the burden of entertaining the writs was unfairly distributed and, due to limitations on the subpoena powers of the district courts, it was often difficult and inconvenient to hold hearings in the district of confinement. The Act was designed to alleviate these two problems by providing for concurrent jurisdiction in the district of confinement and the district where the conviction was had, and for transfer between those two districts when justice and convenience require.[13] Both the jurisdictional language in which section 2241(d) is couched and the prior jurisdictional void in the sentencing district because the petitioner was no longer confined there demonstrate that section 2241(d) is a true jurisdictional rather than a mere venue provision. But it confers no subject matter jurisdiction on this district, which is neither the district of confinement nor the district of sentencing.[14]

Thus, even conceding that discretionary transfer under 28 U.S.C., section 1406(a) is proper where the court lacks personal jurisdiction over the parties,[15] such transfer is not available in this case, since the court lacks subject matter jurisdiction over the controversy.[16] Accordingly, the petition is dismissed for lack of jurisdiction, but without prejudice to filing in the proper district.

9. *See* Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 167–168, 60 S. Ct. 153, 84 L.Ed. 167 (1939); Robertson v. Railroad Labor Bd., 268 U.S. 619, 622–623, 45 S.Ct. 621, 69 L.Ed. 1119 (1925); Goldstone v. Payne, 94 F.2d 855 (2d Cir.), cert. denied, 304 U.S. 585, 58 S. Ct. 1057, 82 L.Ed. 1547 (1938). *See also* People's Bank v. Calhoun, 102 U.S. 256, 260–261, 26 L.Ed. 101 (1880).

10. *But cf.* United States ex rel. Rudick v. Laird, 412 F.2d 16, 20 (2d Cir.), cert. denied, 396 U.S. 918, 90 S.Ct. 244, 24 L.Ed.2d 197 (1969).

11. Act of September 19, 1966, Pub.L. No. 89–590, 80 Stat. 811.

12. *See* S.Rep. No. 1502, 89th Cong., 2d Sess. (1966).

13. *As this court is not one of those two districts, see* page 802 *supra*, the transfer provision of section 2241(d) is not available for transfer to a proper district. United States ex rel. Griffin v. LaVallee, 270 F.Supp. 531 (E.D.N.Y.1967).

14. *Cf.* United States ex rel. Rudick v. Laird, 412 F.2d 16, 20 (2d Cir.), cert. denied, 396 U.S. 918, 90 S.Ct. 244, 24 L.Ed.2d 197 (1969).

15. *See* Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); Hohensee v. News Syndicate, Inc., 369 U.S. 659, 82 S.Ct. 1035, 8 L.Ed.2d 273 (1962) (per curiam), vacating 286 F.2d 527 (3d Cir. 1961); Taylor v. Love, 415 F.2d 1118 (6th Cir. 1969) cert. denied. 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed.2d 533 (1970); Mayo Clinic v. Kaiser, 383 F.2d 653 (8th Cir. 1967); Dubin v. United States, 380 F.2d 813 (5th Cir. 1967); Teets v. Hawker, 278 F.Supp. 834 (N.D.W.Va.1968). *But see* Universal Mfg. Co. v. Lewis, 381 F.2d 819 (4th Cir. 1967) (per curiam) (*semble*); Selsby v. Vecchione, 216 F.Supp. 207 (S.D.N.Y. 1963).

16. *Cf.* Grubisic v. Esperdy, 229 F.Supp. 679 (S.D.N.Y.1964).