**UNITED STATES of America ex rel. Clarence ERVIN, Jr., Petitioner,**

v.

**Assist. Deputy Warden SAWNER, Green Haven Prison, et al., Respondents.**

**No. 71 Civ. 101.**

United States District Court,
S. D. New York.

Feb. 16, 1971.

Clarence Ervin, pro se.

Louis J. Lefkowitz, Atty. Gen. of N. Y., for respondents, by A. Seth Greenwald, Asst. Atty. Gen., New York City.

MANSFIELD, District Judge.

This habeas corpus petition by a state prisoner arises out of a disturbance which occurred on March 5, 1970, in the mess hall at Green Haven Prison. Fifty prisoners—out of about 750—threw bowls and trays. During the melee several guards were struck by thrown objects and by trays held by the inmates. One prison officer so injured was Raymond MacDermott, who was struck from the rear with a metal tray and fell to his

knees. MacDermott was unable to return to his duties for about three weeks. While he did not see his attacker, Officer Roger Gibney swears that he observed petitioner Ervin swing the tray.

Petitioner states that on March 16, 1970, he was handcuffed, shackled and brought before Deputy Warden Sawner, who read a report signed by Sergeant Metz to the effect that petitioner was seen hitting Officer MacDermott during the mess hall disturbance. Petitioner says he entered "a not guilty plea to the allegation," and "that the charge was a terrible and emphatic lie, Petitioner was sentenced, '—Pleads not guilty, found guilty, Loss of 90 days good time,' and transferred to [A]ttica prison." Petitioner's Brief at 3.

Petitioner in substance now contends that the manner by which he lost 90 days of his good time credits was contrary to the procedural due process guarantees of the Fourteenth Amendment. If Petitioner is entitled to the 90 days time off for good behavior he would have been conditionally released on November 21, 1970. Petitioner is now scheduled to be conditionally released on February 19, 1971. Petitioner has also made allegations to the effect that he has been denied assistance of counsel and that he is subject to cruel and unusual punishment. For the reasons stated below, we must dismiss this writ of habeas corpus without prejudice to petitioner's filing of it in the proper district.

The Southern District of New York, where petitioner has filed his writ, is neither the district of petitioner's confinement nor the district of his sentencing. Hence there is no subject matter jurisdiction under 28 U.S.C.A. § 2241(d), which provides:

"Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination."

Since petitioner was sentenced in Kings County which is within the *Eastern* District of New York [1] and since he is now held at Attica Correctional Facility in the *Western* District of New York, this court has no jurisdiction over the case.[2] Compare Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948), and United States v. Griffin, 303 U.S. 226, 229, 58 S.Ct. 601, 82 L.Ed. 764 (1938), with United States ex rel. Rudick v. Laird, 412 F.2d 16, 21 (2d Cir. 1969), cert. denied, 396 U.S. 918, 90 S.Ct. 244, 24 L.Ed.2d 197 (1969); United States ex rel. Jimenez v. Conboy, 310 F.Supp. 801 (S.D.N.Y.1970). Since we lack subject matter jurisdiction, and hence are powerless to act, we deny the writ without prejudice to its renewal in the proper district. United States ex rel. Jimenez v. Conboy, 310 F.Supp. at 803. Contra, United States ex rel. Ruffin v. Mancusi, 300 F.Supp. 686 (E.D.N.Y.1969).

1. Petitioner was sentenced in Supreme Court, Kings County, on March 24, 1965, to a term of four to six years on a plea of guilty to attempted robbery in the third degree. (The maximum term would end on August 5, 1972.) He is also under an unexpired term to September 1, 1973, on an older sentence which governs the release date. This sentence was also imposed in Kings County.

2. Of course the state could not in bad faith or fraudulently remove a petitioner in order to prevent the day of reckoning in federal court. But that is not this case.

■ Even if we were vested with jurisdiction over the subject matter, we would be required to deny the writ because petitioner has failed to exhaust his state remedies. He has made no previous application to any court, except for a letter to Judge James T. Foley. (Petitioner's Brief at 2). Since Judge Foley is in the Northern District of New York, he also would not have jurisdiction to hear petitioner's claims.

The petition is dismissed.

It is so ordered.