Beatrice Alexis HICKS, a/k/a Beatrice Alexis Harper, Appellee,

v.

UNITED STATES BOARD OF PAROLES AND PARDONS, Appellant.

No. 76–1317.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1976.

Decided Feb. 14, 1977.

As Modified on Denial of Rehearing and Rehearing En Banc April 5, 1977.

Robert L. Sikma, Asst. U. S. Atty., Sioux City, Iowa, for appellant; Evan L. Hult-

man, U. S. Atty., and Kieth W. Van Doren, Asst. U. S. Atty., Sioux City, Iowa, and Mr. David A. Von Wald, Legal Intern, University of South Dakota Law School, Vermillion, S. D., on brief.

John M. Thompson, Prisoner Assistance Clinic, Iowa City, Iowa, for appellee.

Before STEPHENSON and HENLEY, Circuit Judges, and MEREDITH,* District Judge.

STEPHENSON, Circuit Judge.

Petitioner in habeas corpus proceedings in the district court contended that the Board of Paroles' 19-month failure to grant her a parole revocation hearing was such a prejudicial denial of due process as to require dismissal of the federal parole violator's warrant. The warrant had been lodged as a detainer with officials at the Iowa Women's Reformatory in Rockwell City, Iowa, where petitioner was serving a state sentence. The district court held that the delay in granting a parole revocation hearing was unreasonable, and prejudicial to the extent that failure to hold a prompt revocation hearing foreclosed the possibility that petitioner's state sentence may have run partially concurrent to her federal sentence. On petitioner's motion for summary judgment the district court,[1] relying in the main on our decision in *Cleveland v. Ciccone*, 517 F.2d 1082 (8th Cir. 1975), granted the writ and ordered the parole violator warrant quashed. We reverse in light of the Supreme Court's decision in *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976).

Petitioner Hicks was convicted on two counts of forgery of United States Treasury checks in violation of 18 U.S.C. § 495 and received a sentence on November 5, 1971, of four years to run concurrently on each count. After serving 15 months of the sentence she was paroled from the Iowa Women's Reformatory, which had been designated as the place of incarceration by the Federal Bureau of Prisons. She was returned to the Reformatory following a guilty plea conviction on an Iowa state forgery charge in June 1974. A federal parole violator's warrant, issued June 26, 1974, was lodged as a detainer against her on July 15, 1974. A dispositional record review[2] regarding petitioner's violator warrant was conducted on April 2, 1975, and she was promptly informed that the warrant was to remain lodged against her as a detainer in the state institution.

Petitioner alleged that despite repeated requests for a parole revocation hearing or a dispositional interview none had been granted. The Board acknowledged that an in-person dispositional hearing was requested by petitioner in August 1975, and on September 12, 1975, she was informed that such a hearing would be held within 45 days. However, due to confusion over the matter of appointment of counsel the hearing was finally set for January 26, 1976. On January 12, 1976, before the interview was conducted, petitioner absconded from a work-release program she had been placed in, and apparently did not return until March 17, 1976.[3]

■ After the initial briefs were filed in this appeal but prior to submission, the parties were afforded an opportunity to supplement their arguments and discuss the applicability of the recent Court decision, *Moody v. Daggett, supra*. Appellant contends

---

* The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri, sitting by designation.

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa.

2. This review is conducted on the record and in absence of the parolee. *See Fitzgerald v. Sigler*, 372 F.Supp. 889, 893 n. 2 (D.D.C.1974).

3. The district court noted in its opinion filed February 27, 1976, "Respondent's contention that petitioner's escape moots this matter is not persuasive. *U. S. ex rel. Collins v. Cady*, 322 F.Supp. 1168 (E.D.Wis.1971); *People ex rel. Williams v. N. Y. State A. C. Com'n*, 288 F.Supp. 171 (S.D.N.Y.1968)."

*Moody* controls. Although *Moody* involved one sovereign, the federal government, whereas the instant case involves two sovereigns, the federal government and the state of Iowa, we are satisfied that under the facts of this case the principles announced in *Moody* must govern. We likewise hold that appellee "has been deprived of no constitutionally protected rights simply by issuance of a parole violator warrant. The Commission [4] therefore has no constitutional duty to provide petitioner an adversary parole hearing until [she] is taken into custody as a parole violator by execution of the warrant." *Moody v. Daggett, supra,* 97 S.Ct. at 280 (footnote inserted).

Appellee contends to the contrary that in *Moody* the Court found that petitioner's opportunity for parole was not infringed by the detainer because "the same Commission which will consider petitioner's parole" under the current convictions "will decide whether to revoke parole" granted under the prior conviction. *Id.* at 279. In the instant case appellee must contend with "different and autonomous parole authorities," a situation not before the Court in *Moody. Id.* In fact appellee contends that the lodging of the federal detainer at the Iowa penal institution effectively destroyed her eligibility for parole on her Iowa sentence and thus infringed a liberty interest protected by the Fifth and Fourteenth Amendments.

Appellee attached correspondence to her supplemental brief which indicated that it was the recommendation of the Iowa institutional staff that any federal time imposed by federal parole revocation be made to run concurrently with her current state sentence.[5] It was the decision of the Board that the detainer should stand; that con-

current federal and state time was not in the best interests of society. Appellee had been released on federal parole less than a year when the Iowa offense occurred. "Further, her prior record indicates similar offenses since the age of twelve through her adult years." [6] On November 11, 1975, in response to inquiry by counsel in behalf of appellee the Iowa Board of Parole advised in part as follows: [7]

The Iowa Board of Parole offered Beatrice [appellee], a parole to her Federal detainer on July 17, 1975. However, the parole was denied because she refused to go to the Federal detainer. Our Board cannot parole a person with a detainer on file, except, to that detainer. * * *

In regard to an Iowa parole, if the Federal detainer is dismissed, I can only say that the Iowa Board would consider such a parole after a progress report and parole plan is submitted by the Institution.

If Ms. Hicks is paroled to her Federal detainer and is required to serve time in a Federal Institution, she can apply for a discharge from her Iowa sentence after being in that Institution for a period of at least thirty days. Normally, the Iowa Board would favorably consider discharge at that time.

The record further indicates that the United States Board advised the Iowa Board that it had no objection to appellee's placement in a work-release program.

It is abundantly clear under *Moody* that (1) there was probable cause for issuance of the parole violator warrant and therefore there is no requirement for an immediate hearing; (2) the Board was free to defer a final decision on parole revocation until appellee was released by Iowa authorities;

---

4. The Parole Commission and Reorganization Act, Pub.L. 94–233, 90 Stat. 219 et seq. (18 U.S.C. § 4201 et seq.), was enacted March 15, 1976, after the district court's ruling. The Act renamed the Board the Parole Commission.

5. Appendix A, letter dated April 3, 1975, from Iowa Board of Parole to the United States Board of Parole.

6. Appendix B, June 26, 1975, letter from United States Board of Parole to Iowa Citizens Aide Office in response to an inquiry that office made in behalf of appellee June 20, 1975.

7. Appendix D, letter dated November 11, 1975, from Iowa Board of Parole to Nancy R. Hauserman, Legal Intern.

and (3) the Board could then execute the warrant, take appellee into custody immediately upon her release, and thereafter conduct the revocation hearing.

█ In this case we fail to find a liberty interest that demanded a hearing before the Board executed its warrant. The matter of concurrency of sentence is a matter exclusively in the province of the Board. *Zerbst v. Kidwell,* 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938); *Gaddy v. Michael,* 519 F.2d 669, 678 (4th Cir. 1975); *Tanner v. Moseley,* 441 F.2d 122, 124 (8th Cir. 1971).

Appellee contends that her prospect for parole from her state sentence has been substantially diminished. Initially we note that the Iowa Board offered appellee a parole to her federal detainer as early as July 17, 1975, and has further indicated that if she is so paroled and is required to serve in a federal institution she can apply for a discharge from her Iowa sentence after being in that institution 30 days. In addition the length of her Iowa incarceration and her conduct while in custody are matters that could have been considered by the Federal Board in its annual reviews relative to the disposition of the warrant or upon its execution. 28 C.F.R. § 2.53 (1975).[8]

Appellee's contentions with respect to additional prejudice because her eligibility to participate in the work-release program was delayed, and her ability to demonstrate any mitigating circumstances regarding her parole violation has been hindered are insubstantial and need not be discussed. *See Moody v. Daggett, supra,* 97 S.Ct. at 279 n. 9. However, this does not necessarily preclude petitioner from seeking relief from adverse conditions of confinement resulting from the detainer. *See Cooper v. Lockhart,* 489 F.2d 308 (8th Cir. 1973). *But see Moody v. Daggett, supra,* 97 S.Ct. at 279 n. 9.

We reverse and direct that the district court reinstate the parole violator warrant issued by appellant.[9]

---

8. Current regulations 28 C.F.R. § 2.47 (1976) require an initial dispositional review within 180 days of notification of placement of the detainer and permit various options generally similar to those in effect in 1975.

9. We assume that the Commission will promptly review this matter and take whatever action is appropriate under its current regulations.