UNITED STATES of America, Appellee,

v.

Melton Clarence JOHNSON, Appellant.

No. 77–1060.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1977.

Decided Oct. 3, 1977.

Daniel R. Sokol and Lawrence J. Altman, Clayton, Mo., filed brief for appellant.

Barry A. Short, U. S. Atty., and Frank A. Bussmann, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before LAY and ROSS, Circuit Judges, and MILLER, Judge.*

LAY, Circuit Judge.

Melton Clarence Johnson appeals a probation revocation order issued by the United States District Court for the Eastern District of Missouri, the Honorable James H. Meredith, presiding. On appeal petitioner asserts that he was denied due process by reason of a four year delay in the execution of the probation violator's warrant.[1] We affirm the order of the district court.

Following a plea of guilty to a charge of interstate transportation of a forged instrument entered on June 5, 1970, the federal district court placed Johnson on probation for a period of three years. On November 14, 1972, Arizona authorities arrested Johnson and charged him with a felony. He pled guilty to a charge of manslaughter and was subsequently incarcerated in the Arizona State Penitentiary. As a result of the

---

* The Honorable Jack R. Miller, Judge, United States Court of Customs and Patent Appeals, sitting by designation.

1. On appeal Johnson also contends that the four year delay in the execution of the warrant was in violation of 18 U.S.C. § 3653 which requires that "[a]s speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him." Johnson's reliance on 18 U.S.C. § 3653 is, however, misplaced since imprisonment on a subsequent charge suspends the effect of § 3653. *Cf., e. g., United States v. Bartholdi,* 453 F.2d 1225 (9th Cir. 1972); *Thomas v. United States,* 391 F.Supp. 202, 203–04 (W.D.Pa. 1975); *United States v. Gernie,* 228 F.Supp. 329, 334–35 (S.D.N.Y.1964).

Arizona arrest, the district court for the Eastern District of Missouri issued a probation violator's warrant for Johnson's arrest. The unexecuted warrant was lodged as a detainer with the State of Arizona.

The Arizona officials released Johnson to federal custody on September 15, 1976. On September 16, 1976, the district court for the Eastern District of Missouri held a preliminary hearing on his probation revocation. After adjudging him competent, the court revoked Johnson's probation at a final hearing held on January 6, 1977. The court then sentenced Johnson to eight years imprisonment to be served concurrently with his Arizona sentence.

Petitioner asserts that the failure to hold an early hearing on his probation revocation deprived him of due process. The Supreme Court in *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), held that an immediate revocation hearing need not be provided on a parole violator's warrant where the parolee was incarcerated on a subsequent conviction by the same sovereign. Although controlling in cases in which parole or probation revocation detainers have been issued from the same jurisdiction within which the prisoner is incarcerated, *Moody* left open the issue of whether a showing of prejudice in several discrete categories would be sufficient to require a revocation hearing at an early date.[2] *See id.* at 86–89, 97 S.Ct. 274.

■ In the present case a sovereign other than the State of Arizona issued the warrant. Johnson thus contends that he was prejudiced in that the failure to hold the federal hearing deprived him of the opportunity to serve a concurring sentence with the state charge. The federal district court did in effect assign a retroactive concurrent sentence to Johnson. However, as has been held on numerous occasions,[3] a federal court's order directing that a federal sentence be served concurrently with an existing state sentence is surplusage since Congress has given the Attorney General of the United States the exclusive authority to designate the place of confinement for the service of a federal sentence.[4] This fact does not inure to petitioner's benefit. Under these circumstances, assuming petitioner had been given an earlier probation hearing and revocation, the federal district court would have been empowered to do no more than what it has already done; that is, make a recommendation as to the federal sentence being concurrent with petitioner's state sentence. Thus, no prejudice has been shown to sustain petitioner's contention.

■ Petitioner does not allege a prejudicial effect on his opportunity for parole on the Arizona sentence by reason of the federal detainer. *Cf. Reddin v. Gray,* 427 F.Supp. 386 (E.D.Wis.1977). In denying petitioner's claim we make clear that we leave this issue for another day.[5]

2. This court's recent decision in *Hicks v. United States Bd. of Paroles and Pardons,* 550 F.2d 401 (8th Cir. 1977), is not directly controlling here either. In *Hicks* the court found that a state prisoner's refusal to accept parole to her federal detainer obviated any prejudicial effect that the detainer may have had on her prospects for parole. *Id.* at 404.

3. *See United States v. Lee,* 500 F.2d 586, 588 (8th Cir. 1974), *cert. denied,* 419 U.S. 1003, 95 S.Ct. 322, 42 L.Ed.2d 279 (1974); *Hash v. Henderson,* 385 F.2d 475, 477 (8th Cir. 1967). *Cf. Hamilton v. Salter,* 361 F.2d 579, 581 (4th Cir. 1966).

4. *See* 18 U.S.C. § 4082(a). Whether the Bureau of Prisons gave petitioner retroactive credit on his federal sentence for the time served on his state sentence is not disclosed by the record.

5. In *Reddin v. Gray,* 427 F.Supp. 386 (E.D.Wis. 1977), a post-*Moody* case, Chief Judge Reynolds addressed the issue of the effect of a detainer lodged against Reddin, a Wisconsin prisoner, as a result of a Kentucky parole violator's warrant. In discussing the effect that a detainer lodged on behalf of a separate jurisdiction had on Reddin's opportunity for parole from the Wisconsin institution the court noted:

> As to the loss of rehabilitation programs, the *Moody* majority notes that under its prior analysis in *Meachum v. Fano* [427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451] . . . not every change in the conditions of confinement activates a due process right. . . . However, this Court notes that the Seventh Circuit has concluded that even though a loss of opportunity to participate in certain intra-institutional programs may be insufficient to trigger a due process mechanism under *Meachum,* loss of opportunities for condi-

We conclude that due process did not require an early hearing in this case: Johnson was not prejudiced in his opportunity to serve concurrent sentences, and the issue of the prejudicial effect of a detainer on petitioner's opportunity for parole is not before the court. The trial court's decision is therefore affirmed.

tional liberty, for example furlough and parole, may constitute a grievous loss. . . . The plaintiff here has asserted that he faces loss of such opportunities due to the Kentucky detainer.

*Id.* at 389 (citations omitted).

In one of the few studies on the effect of detainers, the Center for Criminal Justice at the Harvard Law School found that probation or parole violation detainers, which are routinely considered in parole decisions, can have serious adverse effects on the prisoner's chances of parole. *See* Dauber, *Reforming the Detainer System: A Case Study*, 7 Crim.L.Bull. 669, 694 (1971). *See also* R. Dawson, Sentencing 283 (1969); Yackle, *Taking Stock of Detainer Statutes*, 8 Loy.L.Rev.L.A. 88, 92 (1975); Johnson, *Federal Parole Procedures*, 25 Ad.L.Rev. 459, 467 (1973).