**In re Dennis L. FARR, Debtor.**

**Bankruptcy No. 94–26682.**

United States Bankruptcy Court,
E.D. Wisconsin.

July 12, 1995.

Dennis L. Farr, debtor, pro se.

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

C.N. CLEVERT, Chief Judge.

Dennis L. Farr has petitioned this court for a writ of habeas corpus, seeking release from the custody of the Dane County Wisconsin Sheriff for an appearance before this court or a United States District Court on or before 9:00 a.m. July 12, 1995. The request is denied and the petition is dismissed.

As a preliminary matter, Farr has filed his petition in the wrong place. 28 U.S.C. § 2241(d) provides that when a state has two or more judicial districts, the district court for the district within which the petitioner was convicted and sentenced, and the district court for the district within which the petitioner is incarcerated have concurrent jurisdiction to entertain an application for a writ of habeas corpus. Farr is incarcerated in Dane County Wisconsin, which is in the Western District of Wisconsin. Furthermore, it is dubious whether Farr's petition could be referred to this court under 28 U.S.C. § 157(a). Consequently, this court concludes it is without jurisdiction to entertain Farr's petition.[1] *Ahrens v. Clark,* 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948) (citing *U.S. v. Griffin,* 303 U.S. 226, 229, 58 S.Ct. 601, 602–03, 82 L.Ed. 764 (1938)); *United States ex rel. Jimenez v. Conboy,* 310 F.Supp. 801, 802–803 and n. 6 (S.D.N.Y. 1970). *Cf. Braden v. 30th Judicial Circuit of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

Assuming, however, that this court does have jurisdiction, and construing the petition liberally, *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Price v. Johnston,* 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948), the petition is facially defective as there is no allegation that Farr's current incarceration violates the United States Constitution or Laws or Treaties of the United States, as required by 28 U.S.C. § 2254(a). Moreover, Farr has not complied with the Rules Governing Section 2254 Cases in the United States District Courts (as amended to February 1, 1995) ("Habeas Rules"), which, among other things, require the payment of a waivable filing fee, and that the state officer having custody of the petitioner, in this case the Sheriff of Dane County Wisconsin, be named as a respondent in the petition. *See* Habeas Rule 2(a). Also, Farr has not complied with Local District Court Rule 12.01, which requires petitions for writs of habeas corpus to be on forms supplied by the court.

It is unclear whether or not Farr exhausted his state remedies prior to filing this application. However, as it plainly appears from the face of the petition that Farr is not entitled to the requested writ, see Habeas Rule 4, the question need not be reached.

Now, therefore

IT IS ORDERED that the request for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that the Emergency Petition for A Writ of Habeas Corpus is dismissed.

---

1. Farr's petition suggests that there is personal jurisdiction over Sheriff Raemisch because he is a defendant in Adversary Proceeding No. 95–2147, Dennis L. Farr v. James E. Welker, Madison Gas & Electric Co., Brian Mrochak, Hans Seelig, Richard C. Phelps, C. William Foust, Richard Raemisch, Judith Coleman, James Grann, Paul R. Soglin, City of Madison, County of Dane and State of Wisconsin. However, the underlying Dane County action, Case No. 95–CV–0865, was remanded and the adversary proceeding dismissed by order of this court dated July 10, 1995. Hence, the adversary proceeding does not provide any basis for Farr to claim this court has jurisdiction over Sheriff Raemisch.